The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. The first argued case this morning is number 2013-15, Valve Corporation v. Ironburg Inventions Ltd. Ms. Israel, proceed. Are you unmuted? I am unmuted, yes, your honor. May it please the court. Subject to the court's questions, I plan to focus my argument on three issues. First, that the board erred in its determination that Valve had not shown that the Burns reference is a printed publication. Second, that the board erred in narrowly construing the term elongate member as used in certain claims that are at issue. And third, that the board erred in its determination that Valve's evidence was insufficient to support a finding of obviousness of certain claims of the 229 patent based on a combination of Dewey and Tshisaki. Turning to the first issue. Just to be clear about second and third issues, if we were to reject your position on elongate member, it doesn't matter whether there was a motivation to combine you and Tshisaki, is that right? I believe that is correct. Okay, thank you. Okay, if you change your mind, Ms. Israel, you can tell us on rebuttal. Okay, I will. I just need to make sure that the claims terms overlap, the claims overlap. Turning to the first issue that the board erred in with respect to its determination on whether Valve had shown that the Burns reference is a printed publication. The board erred in failing to consider all the facts and circumstances in arriving at its conclusion. There was uncontroverted evidence in the record that shows that Burns was disseminated to members of the interested public with no expectation of secrecy. The board, however, focused on the evidence in isolation and looked at each piece of evidence without considering all the facts and circumstances. The Burns reference was a review of the SCUF Xbox 360 controller by David Burns. It was published to a website, Xbox360.com, on October 20, 2010. Then it was later copied by the Internet Archive to the Wayback Machine. It was cited on the face of the 229, the 688 patents, and the 525 patent, which is a patent that is by the same inventors as the patents at issue here and is directed to related technology. Mr. Israel, if we agree with you on the public accessibility of Burns, that basically affects the 229 patent, right? And the case would have to go back for adjudication on Burns, considering Burns. It affects both the 229 patent and the 688. Well, 688, does that include more than claim 29? Yes. Of what, 18 to 26? It includes claims 1, 2, 9, 10, 18, 19, 21, 26, and 28 to 30. Now, some of those claims were found to be anticipated based on UE, and that's the subject of Ironbrook's cross-appeal. All right. So putting to one side the cross-appeal only, claim 29 is involved on your appeal, right, of the 688? Claim 29 is part of the cross-appeal with respect to the claim construction issue of a Longgate member and whether it's anticipated by UE or whether VALS had shown that UE anticipates that claim. Well, I'm confused. Isn't Judge Lurie right that on your appeal, the only claim of the 688 that's involved is claim 29, correct? Not for the Burns reference. I thought that you're appealing only from the board's refusal to find claim 29 on patentable with respect to 688. Judge Dyke, the board found that Burns – the board did not – If I could intervene. The board claims 1, 2, 9, and 10, 28, and 30 found unpatentable on grounds other than Burns. That is correct, Judge Lurie. Those claims were found to be anticipated by UE. And so long as the board's anticipation finding is undisturbed, then the court doesn't need to reach those claims on the Burns grounds.  So claims 11 to 17 and 21 to 20 – wrong claims. Let me try again. To claim 18, claim 19, claim 21 and 26 and 29 were not specifically addressed and found to be anticipated by UE. So those would be at issue with respect to the Burns grounds. All right. Okay. Proceed. All right. So the evidence that was a record and not specifically considered based on all the facts and circumstances by the board includes the Burgess deposition testimony that's at appendix 2646 to 49 and 6048 to 51. There, inventor Simon Burgess testified that he facilitated publication of the Burns reference. He gave the controller for free to David Burns with an intent that Mr. Burns would write and publish a review. And it was for the purpose to publicize a game controller that was being sold by Mr. Burgess' company, Scuff Control, which at that time had no significant sales. In addition, there's comments on the Burns reference itself at appendix 3829 to 3832 that show that the reference was disseminated to an audience of the Xbox or 360.com. The comments themselves show that it was disseminated to members of the interested public. In addition, the record includes the Burgess declaration at appendix 1717 and 5308, showing that Mr. Burgess knew about the Burns reference and had referred to it at the time of publication, effectively admitting that it had been published. In addition, Burns is cited in the 688 patent file history at appendix 2440. There, the applicants had characterized the reference as prior art, as noted in an examiner interview summary that led to allowance. And in addition, as noted by the board, there was also the examiner interview summary in the 525 patent file history, and that established where the examiner noted that Burns had been, had located Burns during prosecution of the 525 patent prior to the critical dates at issue here, and that the prosecution copy of Burns showed that there were comments on it showing it had been accessed at least as early as when the examiner located it. You can see that at appendix 2005 to 6 and 5326 to 27. So the board erred in failing to consider all the evidence and which in this court should vacate and remand for the board to consider the Burns-related grounds on the merits. If I could briefly address the issue that the board erred in its construction of the term for claim 29 of the 688 patent and for claims at issue of the 229 patent, and the court should vacate and remand to have a determination based on the correct claim construction on the UE grounds. Specifically, the claims recite an elongate member, and the board improperly excluded any type of elongate member that's made up of multiple parts where there's one part that may have contributed to the inherent resilience and flexible property of the whole elongate member. Okay. Please take another minute or two on your third point. Okay. And just to note, there are parts in the areas in the specification that disclose multi-part assembly elongate members, and I'll refer the court to the remap device that is at column 5, lines 48 to 51 of the 229 patent where it discusses that an elongate member comprises a remap device that's shown in figure 19 and further discussed at column 13, lines 13 to 16. On my third point, the board erred in its determination that claims 3 to 8 and 19 of the 229 patent had not been shown to be obvious over the combination of UE and TSAKI by applying too narrow of an obviousness standard. Specifically, Valve had presented evidence, a declaration of Dr. Rempel at Appendix 3344, showing how a skilled artisan would have recognized the combination of UE and TSAKI, and Dr. Rempel's testimony was unrebutted and showed that a skilled artisan would have recognized the use for TSAKI's teachings in UE's controller. The board required a higher standard that the teachings of TSAKI had actually been used in or would be used in UE rather than showing that it was an available option. This flawed obviousness standard impacted its obviousness analysis, and the court should vacate and remand for the board to consider this obviousness ground. And if the court has any questions, I'll save the rest of my time for rebuttal. Okay, no, we'll save your rebuttal time. Let's hear first from the intervener, Ms. Caprian. Good morning, Your Honors, and may it please the court. The director intervened in the case to address Valve's appointment class challenge, which wasn't raised in the opening argument. But as this court has already correctly ruled in denying Valve's prior motion for a remand on this issue, Valve forfeited such a challenge under this court's precedent in Siena. And because Valve also never filed a motion asking this court to reconsider its prior decision within the 14-day time period provided in Federal Circuit Rule 27, Valve should be precluded from raising the challenge anew. Let's stop right there. You're saying that unless reconsideration is requested, the issue is dead? That's quite an interesting concept. Yes, Your Honor. Under Rule 27, and right now it's Rule 27J at the time when Valve filed its motion and filed its briefing, it was Rule 27L. But it states that when a party seeks to reconsider a decision by the panel that's not a dispositive order, it has 14 days to do so. And for this reason, Valve cannot challenge that ruling now because it did not ask for reconsideration within the 14-day time period under Rule 27. What case says that? The Federal Circuit Rules dictate that. I think there are some cases where this court has determined that if the prior ruling was by a single judge, the court can reconsider that issue. And that's also in Federal Rules of Appellate Procedure 27C. But here we have a decision by a panel of three judges determining that Valve here forfeited the issue under this court's precedential decision under Siena. And Valve hasn't shown that the court should depart from that precedential decision for any reason. So because of that, because it both forfeited this challenge under this court's precedent in Siena and because it failed to seek reconsideration within Federal Circuit Rule 27, the court should reject Valve's Appointment Clause challenge. If there are no further questions, I yield the rest of my time. All right. Any more questions, Ms. Caprian? No. All right. Then we'll hear from the cross-appellant, Mr. Becker. Thank you, Your Honor. Good morning, and may it please the Court. My name is Robert Becker, and I'm arguing for the patent holder, Ironburg Inventions. I actually have limited comments this morning. I'd like to focus on the comments by Valve's counsel regarding the Burns publication. Well, let's talk about that, Mr. Becker. Okay. I mean, you have two prosecutions here where examiners of the PTO found that the Burns reference was prior art. And if I understand correctly, the Board has said that it's not going to consider that because there wasn't any testimony making a comparison between the documents in the prosecution history and the documents here in the IPR. But the documents are 11 pages long. They're here in the record. Anybody can look at them and see that they're substantially the same. Why isn't that an arbitrary approach to this issue? Well, Your Honor, thank you. I believe the Board said more than that. There were a number of... Well, let's stick with that for the moment because that's one of the things they said. That's silly, right? I mean, you can look at the documents. I can look at the documents. They're substantially the same. Why would somebody do that? I disagree with that. They are similar, but they are different. And they're all different, and they all bear different dates. And none of them state that they were published anywhere, let alone being publicly accessible. What's the difference in the substance? The pictures are different. There are different sizes. There's different arrangements. Some are in color. Some are not. And when we're talking about a disclosure about where the pictures are the primary evidence of the disclosure, it's very material. What's the substantive difference between the pictures? Well, some of them are in some of the exhibits, and some of them are not. Oh, so? So there are different disclosures. There is a lot of overlapping disclosure at the pictures, isn't there? There is, yes. Okay. So what's the problem with comparing them and finding that there's similarity or identity in the picture? Well, the petitioner has the burden of providing the evidence in this petition that it's going to rely on. And it provided a reference that's dated 2017 and is not the reference that's in these other files. There are similarities, but that's not what they relied on in their petition. They set forth a 2017 dated document without any declaration or subscribing witness. They do not have a witness that states that it was ever published anywhere. They don't have a witness that tells us what the content of it was if it was published. It's the same document as in the prosecution history. What's the problem? Well, the prosecution history also didn't have a document from 2010, and the issue of whether it was prior art was not litigated. On the face of the patent, it says that it was published in 2010, doesn't it? Well, I mean, I can print out a document today and write on it 2010, but that doesn't mean it was actually published in 2010. There has to be some witness that corroborates that. On the face of the patent, it says it was published in 2010, and that's not reliable? Absolutely not. The examiner is simply writing down what the contents say on the face of that document. It is not a patent. It is a document from the United Kingdom that was alleged to have been published at some point, but there's no testimony from the Wayback Machine, a webmaster. There's no testimony from Mr. Burns or anyone else who's familiar with the publication. We don't know if it was published in 2010. We don't know what it had in it if it was published in 2010, and we don't know if what was there was publicly accessible. Counsel, Burns was published in an online magazine as a promotional item to be intended for public dissemination. It was cited during prosecution of patents, so it was clearly accessible. If I may, Your Honor, it was cited much later. It was not cited in 2010 when it's alleged to have been published. We don't know what the status of Burns was in 2010. We don't know when he made his site publicly available, if ever. We don't know that. It was never disputed in the prior prosecutions, and the applicant was able to overcome Burns without having to discuss whether it was prior art. Well, there was never any suggestion that it wasn't by the applicant, right? Wait, the examiner shows the applicant that he's discovered the Burns reference, and he characterizes the examiner in two of these prosecutions, the 525 and the 688, says it's prior art, and the applicant doesn't say otherwise. You know, this is a very common occurrence in prosecution. The examiner contends that everything is prior art, and applicants typically do not challenge whether a document is prior art. They simply attempt to overcome it. In this situation, during an ex parte prosecution, the burdens are different. The examiner is not under the same burdens as the petitioner is here in an IPR to establish a reference as prior art and having the burden of persuasion and production during the entire proceeding. The examiner can cite a reference and shift the burden to the applicant, and the applicant can rebut what the examiner has submitted by either overcoming the reference or arguing that it's not prior art. In this case, it overcame the reference. Okay, please proceed. Sure, thank you. Let me talk about the elongate member. Yes, the elongate member. So what I'll call paddles in the main embodiment of this invention are very similar to a diving board, for example. They're pinned on one end. They're thin. They're inherently resilient and flexible, and it allows the user's fingers to manipulate them so that they have a sort of action to them so that they can actuate a switch. Those claim members are inherently resilient and flexible. The word inherently is very important there because it indicates that the members themselves have this inherent characteristic. Valve attempted to show a button. I'll call it a button. It's actually very tall and rocks back and forth. It's not a thin paddle of any kind or an elongate member, but it certainly is rigid and does not have any inherent resiliency, and it doesn't have any inherent flexibility. Those characteristics are supplied in that design by a separate spring, and the board correctly found that the spring is not inherent in the elongate member, and the elongate member itself has no inherent resiliency or flexibility. So we would contend that the claim was construed correctly and the validity challenge was correctly projected. I'll just mention briefly, finally, on the last element or the last argument that was made. There was an argument that the board used a heightened standard and failed to consider evidence of obviousness, but if we look carefully at what was submitted by the petitioner, really nothing was submitted. There were three bullet points that were in the declaration from Mr. Rempel that simply stated conclusions, and there was no analysis, no discussion of any components of the prior art, and the board correctly found that that was not up to the standards of KSR. With that, I'd like to reserve the remainder of my time unless there are any questions. Okay. Any questions at the moment for Mr. Becker? No. Okay. And we'll hear from Ms. Israel. You have your rebuttal time. Are you unmuted? I am unmuted, yes. Okay. So first, just to address the issues raised by the director with respect to the Arthrex argument, we disagree that there was any requirement for VALV to have sought reconsideration. In fact, the Rule 27J applies to nondispositive motions asking for reconsideration. The motions that VALV had filed were to terminate and vacate and remand the appeals, which would have been dispositive. Second, the Sienna case is not necessarily dispositive of this case, which can be considered on its merits as to whether there was a forfeiture or waiver. Turning next to the Burns issue, there is the documents in the record. As noted, the board could have considered the different versions of the Burns, the copies of Burns that were in the record and have determined that they were substantially the same and that the Burns reference, which was what the ground was based on, is what VALV purported it to be. The focus that Ironburg makes on the specific petition copies of Burns is not the issue. While those may have been dated 2017 as just a print date, the reference itself also notes that there's comments on it showing that it was six years old. The reference, VALV had, or Ironburg had referred to the Burns as having been published in 2010 and it was accessible before, showing that it was accessible before the critical date. In fact, during prosecution, the applicants had acknowledged Burns to be prior art in prosecution. So that is actually how they referenced the Burns reference. With respect to the elongate member issue, we again re-urge that the board did not correctly construe the term elongate member. Ironburg has focused more on the application of elongate member as being limited to a monolithic assembly and not being permitted to be made from more than one part. So in this instance, there could be features here, the spring feature of the UE reference as an example, that could supply the inherently flexible and inherently resilient and flexible feature of the elongate member. And finally, with respect to the evidence, with respect to the obviousness analysis based on Dr. Rempel's testimony, while yes, he testified with respect to three points, this is a simple technology and his evidence was sufficient to show that there was a reason to combine the two references and the board erred in applying too narrow of an obviousness standard and this court should vacate and remand. For all those reasons, we respectfully request that the court vacate and remand to consider the grounds on which we have referred based on the Burns grounds and the UE grounds. And unless this court has any further questions, I will cede the rest of my time. Any questions for Ms. Israel? No. Okay. Thank you. Mr. Becker, do you have another minute or so? Okay. Thank you, Your Honor. Actually, the cross appeal didn't come up, so I'm not sure that I'm permitted to reply on that now. If I am, I'll make a few comments. Otherwise, I'm finished. Any questions for Mr. Becker? No. I compliment Mr. Becker for being alert to the procedural point. Thank you, Your Honor. Thanks to all counsel. The case is taken under submission.